IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, )<br>)<br>Defendant. ) | Case No. 18-cv-5558<br><br>Judge: Judge John J. Tharp |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), by and through its counsel, David M. Schultz and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, submits its Reply in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, states as follows:

**ARGUMENT**

Plaintiff claims that PRA's letter gave the impression that fees and collection costs could accrue on Plaintiff's account by including column headers that included fees, interest and payments with zero balances.[1] (Pl.'s Response, p. 3). However, Plaintiff's theory was rejected in *Delgado v. Client Servs.*, 2018 U.S. Dist. LEXIS 37711, *2 (N.D. Ill. Mar. 7, 2018). Unsurprisingly, Plaintiff barely addresses *Delgado*. Rather than address PRA's arguments, Plaintiff can only point out the fact that the letter in *Delgado* is not identical to the letter in the instant case. (Pl.'s Response, p. 5). The fact that the letters are not identical (which is obvious and undisputed) does not save the day for Plaintiff because Judge Ellis's reasoning in *Delgado* applies to this case and is otherwise directly on point.

In *Delgado*, the court discussed how providing a breakdown of the amount owed does not

---

[1] Despite Plaintiff's discussions surrounding the interest and payment columns in the itemization of the balance in Plaintiff's Response, Plaintiff's complaint lacks any allegations regarding the interest and payment columns being a violation of the FDCPA. *See* Plaintiff's Complaint, Dkt. #1.

leave the plaintiff in doubt of the nature and legal status of the debt nor does it impede the consumer's ability to respond to or dispute the collection of the account. *Delgado*, 2018 U.S. Dist. LEXIS 37711 at *8. Here, PRA sent Plaintiff a second collection notice regarding the debt. This second notice informed Plaintiff that non-interest charges/fees were not added to the balance and that the balance of the account remained the same since the account was charged-off by the original creditor. Despite this second notice notifying Plaintiff that non-interest charges/fees were not included in the balance, Plaintiff claims that he had the impression that non-interest charges/fees would begin to accrue if the debt was not paid. This claim is not only bizarre but it is disingenuous. Although Plaintiff may be an unsophisticated consumer, the unsophisticated consumer not a dimwit, has rudimentary knowledge about the financial world and is capable of making logical deductions and inferences." *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). It makes no sense for Plaintiff to believe that non-interest charges/fees would begin to accrue after reading the letter because the letter lacks any mention of non-interest charges/fees accruing and Plaintiff failed to pay the balance after receiving a first notice to pay the balance. This thought would be unreasonable in light of reading the letter as a whole.

Plaintiff does not and cannot point to any language in the letter which would suggest that the amount due would change if the balance is not paid. The letter lacks any language referring to non-interest charges/fees accruing on the account if the balance is not paid. The letter only mentions non-interest charges/fee under the phrase, "Total Amount of Transactions since charge-off." The itemization of the balance following the phrase "Total Amount of Transactions since charge-off" does not mislead any recipient that non-interest charges/fees can start accruing but only tells the recipient that these charges/fees were not included in the balance. Plaintiff is reading language in the letter which is not there. The purpose of the FDCPA is to protect consumers against debt collection abuses and to keep consumers from being intimidated or tricked by debt collectors.

*O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011). Here, the letter only helps clarify that the balance of the account has not changed since charge-off. The FDCPA was not created for plaintiffs to invent creative interpretations of collection letters by making assumptions which ignore the plain language of the letter.

Plaintiff claims that PRA's letter is not in accordance with the Seventh Circuit's decision in *Chuway v. Nat'l Action Financial Servs., Inc.*, 362 F.3d 944 (7th Cir. 2004). (Pl.'s Response, p. 4). However, the issue in *Chuway* was whether the collection letter informed the plaintiff of the amount of the debt because it instructed the plaintiff to call a number listed in the letter to obtain the most current balance information. *Chuway*, 362 F.3d 944. *Chuway* does not involve a collection letter which provides a breakdown of the amount of the debt. Rather, *Chuway* instructs that a collection letter must communicate the amount of the debt clearly enough so that the recipient is likely to understand it. Here, PRA's letter informs Plaintiff of the amount owed and does nothing but provide clarity that the balance remained the same since charge-off and does not include non-interest charges/fees.

Plaintiff relies upon *Wood v. Allied Interstate, LLC*, 2018 U.S. Dist. LEXIS 98738 (N.D. Ill. Jun. 13, 2018) and ironically states that the letter in *Wood* is identical letter in the instant case after pointing out that the letter in *Delgado* was not identical. (Pl.'s Response, p. 5). Perhaps Plaintiff is mistaken but the letter in *Wood* is not identical to the letter in the instant case. The letter in *Wood* does not provide clarity by indicating that the itemized categories with zero amounts represented total amount of transactions since the account was charged off by the original creditor. Also, the court's reasoning in *Wood* points out a fatal flaw in the instant case. In determining whether the letter could falsely imply that additional charges could be added, the *Wood* court reasoned that the plaintiff plausibly alleged that the defendant was not permitted to charge him fees or collection costs. *Wood*, 2018 U.S. Dist. LEXIS 98738 at *6. Here, Plaintiff did not allege that PRA was not permitted to

3

assess non-interest charges/fees and thus cannot claim that the letter implies a certain outcome which cannot come to pass. Plaintiff does not address this fatal flaw. Thus, failure to respond to an argument results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

Plaintiff makes mention of a case titled *Chaires v. Allied, LLC* which apparently relied upon the decision in *Wood v. Allied Interstate, LLC*, 2018 U.S. Dist. LEXIS 98738 (N.D. Ill. Jun. 13, 2018) but Plaintiff makes this argument without a full citation to the authority. This court should deem this argument waived as it is undeveloped and unsupported. *Torres v. City of Chi.*, 2016 U.S. Dist. LEXIS 103739 at *3 (N.D. Ill Aug. 5, 2016) (the court declined to conduct legal research in an effort to locate support for unsupported legal contentions). Also, no written opinion was issued in *Chaires* making it a non-published and non-binding decision. Upon locating *Chaires v. Allied Interstate, LLC*, Case No. 18-cv-05060 (N.D. Ill. Oct. 16, 2018), it is apparent that the case involved an identical letter as in *Wood* as the letters in both cases were sent by the same defendant, Allied Interstate, LLC. As stated above, the letter in the instant case provided Plaintiff with clarity as to why the itemization appeared in the letter—to inform Plaintiff that no transactions had occurred since the account was charged off by the original creditor. The letter in *Chaires* does not provide this clarification and thus *Chaires* is distinguishable from the instant case.

Contrary to Plaintiff's claim, *Dick v. Enhanced Recovery Co.*, 2016 U.S. Dist. LEXIS 135789 (E.D.N.Y. Sept. 28, 2016) is persuasive to the facts of the instant case. In *Dick*, the collection letter stated an itemization of the balance of the debt which included "Non-Interest Charges & Fees: $0.00" and the plaintiff claimed the inclusion of the itemization of non-interest charges and fees could lead an unsophisticated consumer to believe that he might be liable for such fees in the future. *Dick* 2016 U.S. Dist. LEXIS 135789 at *2. Here, Plaintiff makes that exact claim. Although, the Second Circuit applies the least sophisticated consumer standard, *Dick* is persuasive authority because the least sophisticated consumer standard is substantially similar to the Seventh Circuit's

4

unsophisticated consumer standard. *See Delgado*, 2018 U.S. Dist. LEXIS 37711 at n. 2; *see also Chuway*, 362 F.3d 944 at 948-49 (noting the similarity of the least sophisticated consumer standard and the unsophisticated consumer standard but finding the latter to be more precise). Thus, reading PRA's letter as a whole, no consumer, sophisticated or unsophisticated, would believe that PRA would start adding non-interest charges/fees based upon the breakdown of the balance and the language clarifying that breakdown was given to inform Plaintiff that no transactions had occurred since the account was charged off. Under Plaintiff's theory, Plaintiff would have to make an assumption that is not based upon the plain language of the letter but an assumption based upon a misreading of the letter. "The FDCPA is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it." *Chuway*, 362 F.3d 944 at 948. This Court should not allow Plaintiff to proceed on a claim which is based upon an ingenious misreading of a clear collection letter.

Plaintiff mistakenly relies on *Tylke v. Diversified Adjustment Serv.*, 2014 U.S. Dist. LEXIS 153281 (E.D. Wis. Oct. 28, 2014). *Tylke* is distinguishable from the instant case because the plain language of the letters in each case. In *Tylke*, the letter at issue stated, "[t]he above balance due includes a Verizon Wireless Collection Fee of $0.00." *Tylke*, 2014 U.S. Dist. LEXIS 153281 at *2. Here, PRA's letter states that the total amount of transactions since charge-off equals zero. The letter sent to Plaintiff does not state that the balance included a collection fee. A statement stating that the balance *includes* a collection fee is very different from a statement showing that no transactions such as non-interest charges/fees were made since the account was charged off by the original creditor. In *Delgado*, Judge Ellis made it clear that by stating that the balance "includes" a collection fee is what made the letter in *Tylke* potentially misleading. *Delgado*, 2018 U.S. Dist. LEXIS 37711 at *10. The language in the letter in the instant case provides clarity to Plaintiff and does not imply that non-interest charges/fees would accrue in the future.

5

## **CONCLUSION**

Plaintiff attempts to establish a violation of the FDCPA based upon a bizarre and idiosyncratic interpretation of a clear letter. Plaintiff disregards the plain language of the letter and somehow makes an assumption that non-interest charges/fees would accrue on the account because an itemization of the balance of his debt was given in the letter. Despite the itemization following the phrase, "Total Amount of Transactions since charge-off" Plaintiff claims the letter is false and misleading. Plaintiff cannot proceed on a phantom FDCPA claim because nothing in this letter even insinuates an attempt to intimidate or trick Plaintiff into paying the debt. The letter helps Plaintiff determine that the balance of the account has remained the same since being charged off by the original creditor. The itemization did not leave Plaintiff in doubt of the nature and legal status of the debt nor impede Plaintiff's ability to respond to or dispute collection of the debt. The FDCPA was not created for consumers to abuse its protections with claims like Plaintiff's claim in this case. This Court should disregard Plaintiff's interpretation of the letter and dismiss Plaintiff's complaint with prejudice.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Lindsey A.L. Conley*
Lindsey A.L. Conley

David M. Schultz
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

302876296v1 1012704

## **CERTIFICATE OF SERVICE**

I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on November 30, 2018.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Michael J. Wood |
| ___ | Federal Express | Celetha C. Chatman |
| ___ | E-Mail & U.S. Mail | COMMUNITY LAWYERS GROUP, LTD. |
| ___ | Messenger | 73 W. Monroe Street, Suite 514 |
| | | Chicago, IL  60603 |
| | | Phone: (312) 757-1880 |
| | | Fax: (312) 265-3227 |
| | | mwood@communitylawyersgroup.com |
| | | cchatman@communitylawyersgroup.com |

David M. Schultz  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
dschultz@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s/ Lindsey A.L. Conley*  
Lindsey A.L. Conley  
One of the Attorneys for Defendant